UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW D. HUTCHESON, HUTCHESON WALKER ADVISORS LLC, GREEN VALLEY HOLDINGS LLC, and the RETIREMENT SECURITY PLAN AND TRUST, f/k/a PENSION LIQUIDITY PLAN AND TRUST.<br><br>    Defendants. | Case No.: 1:12-CV-00236-EJL<br><br>**ORDER GRANTING SUMMARY JUDGMENT, PERMANENT INJUNCTION AND DENYING DEFENDANT'S MOTION FOR DECLARATORY RELIEF** |

The Secretary of the United States Department of Labor (the "Secretary") has moved for summary judgment and a permanent injunction permanently barring Matthew D. Hutcheson from acting as a fiduciary or service provider under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA") and ordering Jeanne B. Bryant of Receivership Management, Inc. to continue to serve as the independent fiduciary to RSPT and the ERISA-covered plans that RSPT and Hutcheson managed (the "Plans") (Dkt. 91). Hutcheson was granted an extension of time to respond and he filed his response on June 29, 2016. The Secretary filed his reply brief on July 14, 2016. Hutcheson filed a Motion for Declaratory Relief (Dkt. 105) on July 11, 2016 and that motion is also ripe for this Court's review.

ORDER - 1

In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). Based on the following findings of facts and conclusions of law, the Court finds as follows:

**I.   Summary Judgment and Permanent Injunction Standard:**

The legal standards for summary judgment are well-established. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Secretary has authority to seek relief from breaching fiduciaries and those who knowingly participate in their breaches under ERISA sections 409(a) and 502(a)(2) & (5), 29 U.S.C. §§ 1109(a) and 1132(a)(2) & (5), to restore plan losses, to recover unjust profits and to obtain other remedial and equitable relief as the court may deem appropriate. See Herman v. S. Carolina Nat. Bank, 140 F.3d 1413, 1425-26 (11th Cir. 1998); Solis v. Couturier, No. 08-2732, 2009 WL 1748724 (E.D. Cal. June 19, 2009). Courts have repeatedly found that, under ERISA's broad remedial provisions, injunctive relief is appropriate. See, e.g., Donovan v. Mazzola, 716 F.2d 1226, 1238-39 (9th Cir. 1983), cert. denied, 464 U.S. 1040 (1984). Appropriate injunctive relief includes removing existing plan fiduciaries and appointing independent fiduciaries to carry out the proper administration and management of benefit plans. Mazzola, 716 F.2d at 1238-39;

ORDER - 2

Solis v. Vigilance, Inc., No. C-08-05083, 2009 WL 2031767, at *3 (N.D. Cal. July 9, 2009); Chao v. Zoltrix, No. C-07-00610, 2007 WL 2990429, at *3 (N.D. Cal. Oct. 11, 2007). It also includes permanent enjoining breaching fiduciaries from ever serving as fiduciaries or service providers to ERISA plans. See Chao v. Malkani, 452 F.3d 290, 293-94 (4th Cir.2006) (breaching fiduciaries removed from all positions of authority); Reich v. Lancaster, 55 F.3d 1034, 1054 (5th Cir. 1995); Martin v. Feilen, 965 F.2d 660 (8th Cir. 1992) (finding an abuse of discretion for district court not to issue injunction barring individuals from providing fiduciary or other services to ERISA plans); Beck v. Levering, 947 F.2d 639, 641 (2d Cir. 1991); Delgrosso v. Spang & Co., 769 F.2d 928, 937 (3d Cir. 1985).

**II.   Findings of Fact:**

Based on the records in this case, the Court finds as follows:

1.   This Court has jurisdiction and venue is proper. Hutcheson resides in Idaho. ERISA § 502(e)(1) & (2), 29 U.S.C. §§ 1132(e)(1) & (2).

2.   On April 10, 2012, Matthew D. Hutcheson was indicted by the Attorney General of the United States in this Court on wire fraud theft from employee pension benefit plans.

3.   Shortly before the indictment, Hutcheson and Hutcheson Walker Advisors LLC ("HWA") had admitted, on an annual return that ERISA requires to be submitted to the United States (a document called a "Form 5500"), to having taken part in a prohibited transaction in violation of ERISA section 406, 29 U.S.C. § 1106.

4. Between April 3, 2013, and April 15, 2013, Hutcheson was tried by a criminal jury in this Court. <u>United States v. Hutcheson</u>, 1:12-cr-00093-WFN (D. Idaho). In its case-in-chief, the Attorney General presented 25 witnesses and over 200 exhibits.

5. On April 15, 2013, the jury returned a verdict finding Hutcheson guilty beyond a reasonable doubt of 17 felony counts, including five counts of wire fraud respecting RSPT.

6. On July 31, 2013, the Court sentenced Hutcheson to 210 months of incarceration and three years of supervised release, during which time Hutcheson "shall not be employed in any capacity related to fiduciary duties or financial transactions nor shall defendant perform any unpaid or volunteer activities in this area during the term of supervised release without the permission of the probation officer." SOF ¶ 11. Hutcheson was also ordered to repay RSPT (through the Independent Fiduciary) $3,276,000. <u>Id.</u>

7. On August 7, 2013, Hutcheson filed a notice of appeal to the U.S. Court of Appeals for the Ninth Circuit. <u>United States v. Hutcheson</u>, No. 13-30218 (9th Cir.). Crim. Dkt. 148. Following briefing, on May 7, 2015, the Ninth Circuit heard oral argument on the appeal. On May 15, 2015, the Ninth Circuit affirmed this Court's judgment and sentencing. On June 1, 2015, Hutcheson moved for rehearing. On July 9, 2015, the Ninth Circuit denied rehearing. App. Dkt. 62. On July 23, 2015, the Ninth Circuit issued its mandate to this Court. Although Hutcheson continues to maintain in this civil action there was legal error regarding rulings in his criminal case, such arguments

ORDER - 4

are not relevant to this civil proceeding and are rejected based upon the Ninth Circuit's affirmation of his convictions and sentence. There is no indication in the record that a writ of certiorari, if requested, was ever granted so the Court finds all direct appeals have concluded.

8.      The Court notes that Hutcheson filed a 28 U.S.C. Section 2255 writ of habeas corpus motion on October 3, 2016. , Hutcheson v United States,  1:16cv442 (D. Idaho).  The Court does not find the filing of a writ of habeas corpus does not justify continuing the stay in this matter and the Court will lift the stay previously entered.

9.      Meanwhile, on November 14, 2013, Green Valley Holdings LLC ("GVH") was administratively dissolved, and, on February 21, 2014, HWA forfeited its existence.

10.     Throughout this time -- for nearly four years -- the Independent Fiduciary has managed RSPT and the Plans without objection.

11.     Hutcheson's estimated release date is October 28, 2028.

### III.    Procedural Background

On May 15, 2012, the Secretary filed in this Court a civil complaint against Hutcheson, HWA, and GVH alleging prohibited transactions and breaches of fiduciary duties.  Dkt. 1.  The Retirement Security Plan and Trust, f/k/a Pension Liquidity Plan and Trust was also named in the complaint as a Rule 19 party.  Along with that complaint, the Secretary filed an application for temporary restraining order and preliminary injunction. Dkt. 2.  On May 16, 2012, the Court granted the motion and entered a temporary restraining order, removing Hutcheson, HWA, and GVH from any fiduciary positions

ORDER - 5

and appointing the Independent Fiduciary to have exclusive authority and control over RSPT and the Plans, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA").  Dkt. 6.  In that same order, the Court ordered the parties to promptly submit any briefing respecting a preliminary injunction.  Id.

On June 13, 2012, the Court entered a preliminary injunction.  Dkt. 16.  On July 13, 2012, Hutcheson filed his answer, objecting without elaboration to many of the Secretary's contentions, but admitting that he was a fiduciary to RSPT and the Plans, admitting that he had committed a prohibited transaction, and stipulating to the appointment of an independent fiduciary.  Dkt. 24.  On July 17, 2012, the Attorney General moved to intervene and stay discovery.  Dkt. 26.  On September 9, 2012, the Court granted the motion to intervene and stayed the case pending resolution of the criminal proceedings.  Dkt. 31.

Because HWA and GVH are now defunct, the Secretary has dismissed his case against them in a separate filing.  Dkt 88.

The Court finds there are no genuine issues of material fact regarding the need for a permanent injunction in this case. While Hutcheson continues to dispute facts related to his criminal proceedings, the alleged disputed facts are not relevant to this Court's finding that it is undisputed that Henderson took part in a prohibited transaction in violation of ERISA section 406, 29 U.S.C. section 1106. This admitted prohibited transaction is a breach of fiduciary duties.  Based on Hutcheson's admissions to breaching fiduciary duties to RSPT and its ERISA covered plans and the entire record in

ORDER - 6

this matter, the Court finds the requested relief by the Secretary is appropriate and Hutcheson should not be allowed to serve as an ERISA fiduciary in the future. The Court finds the record supports as a matter of law the granting of the motion for summary judgment and request for a permanent injunction. Further, the Court finds Hutcheson's Motion for Declaratory Relief is not founded in the law and is deemed moot based upon the granting of the Secretary's Motion for Summary Judgment.

## ORDER

Based upon the foregoing and the record in this case, and for good cause shown, the Court **LIFTS** the stay based on the conclusion of the direct appeals in Hutcheson's criminal case, **GRANTS** the Secretary's Motion for Summary Judgment and Permanent Injunction (Dkt. 91) and **DENIES AS MOOT** Hutcheson's Motion for Declaratory Relief (Dkt. 105). The Court further orders:.

1. Hutcheson (including any alter-egos, agents, or other servants) is permanently removed from all positions with RSPT and the Plans and is permanently enjoined from acting as a fiduciary on behalf of any ERISA-covered benefit plan.

2. Jeanne B. Bryant of Receivership Management, Inc. shall continue to serve as the independent fiduciary to RSPT (the "Independent Fiduciary"), and shall continue also to serve as the successor trustee and plan administrator of RSPT and the Plans and to have full and exclusive fiduciary authority over the assets within RSPT's and the Plans'

custody or control. The Independent Fiduciary's ultimate goal shall be to wind down RSPT and the Plans and make final distributions to participants and beneficiaries.

3. Hutcheson and his fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with him or at his direction, are permanently enjoined and ordered to produce to the Independent Fiduciary any books, records, or documents that relate to the administration and operation of RSPT and the Plans, and to comply in good faith with the terms of this Order.

4. Hutcheson and his fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with him or at his direction, are permanently enjoined from expending, transferring, hypothecating, secreting, or otherwise obligating or disposing of any assets of RSPT's or the Plans' and from destroying, altering, or secreting any of RSPT's or the Plans' books, records, or documents.

5. Hutcheson shall require his officers, employees, attorneys, agents, advisers, and representatives, and all persons who serve in any capacity that involves decision making authority for them, to act and discharge their duties in full compliance with the terms of this Order and shall continue to require that they not take any action in the discharge of such duties that is inconsistent with the terms of this Judgment and Order. Hutcheson shall also continue to require his officers, employees, attorneys, agents, advisers, representatives, and all persons who serve in any capacity that involves decision

making authority for them, as a condition of maintaining his relationships with them, to continue to cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities. In furtherance thereof, Hutcheson shall provide a copy of this Order to all of his officers, employees, attorneys, agents, advisers, representatives, and all persons who serve in any capacity that involves decision making authority for them, within ten (10) days after the entry of this Order.

6. The Independent Fiduciary shall continue to have exclusive responsibility and authority to control and manage all assets of RSPT and the Plans and all assets within RSPT's and the Plans' custody or control, including, but not limited to:

a. The authority to exercise all fiduciary responsibilities relating to RSPT and the Plans, including, but not limited to, the responsibility to act as the administrator of RSPT and the Plans; provided, however, the fiduciary responsibilities allocated to and reserved by an RSPT sponsor with respect to the purchase, holding, or sale of any qualifying employer securities" within any of the Plans shall continue to be the sole responsibility of such sponsor;

b. Any and all authority given to trustees under the terms of the documents governing RSPT and the Plans;

c. Authority to amend the documents governing RSPT and the Plans;

d. The exclusive authority to appoint, replace, and remove such administrators, trustees, attorneys, agents, and service providers as the Independent Fiduciary shall, in the Independent Fiduciary's sole discretion,

ORDER - 9

determine are necessary to aid the Independent Fiduciary in the exercise of the Independent Fiduciary's powers, duties, and responsibilities to RSPT and the Plans;

     e.    Authority to wind down RSPT and the Plans and make final distributions to participants and beneficiaries; and,

     f.    Except as provided herein, the authority to delegate to such administrators, trustees, attorneys, agents, and service providers such fiduciary responsibilities as the Independent Fiduciary shall determine appropriate. The Independent Fiduciary may not, however, delegate the authority to appoint, replace and remove such administrators, trustees, attorneys, agents, and service providers or the responsibility to monitor the activities of RSPT's and the Plans' administrators, trustees, attorneys, agents, and service providers.

7.    The Independent Fiduciary shall continue to have full access to all documents, books, records, personnel, files, and information of whatever type or description in the possession, custody, or control of RSPT and the Plans. In addition, the Independent Fiduciary shall continue to have full access to all documents, books, records, personnel, files and information of whatever type or description relating to RSPT and the Plans in the possession or control of Hutcheson or his fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with or at his direction.

8.      The Independent Fiduciary shall use reasonable efforts to maintain a bond that conforms to the requirements of ERISA section 412, 29 U.S.C. § 1112.  The cost of such bond or bonds shall be paid by the RSPT and the Plans.

9.      The Independent Fiduciary shall not be discharged or terminated except on order by the Court.  Upon termination or discharge of the Independent Fiduciary, the Secretary may, if necessary, recommend to the Court a successor independent fiduciary for appointment.

10.     Subject to the terms of this Order and ERISA, the Independent Fiduciary shall continue to delegate administrative activities to individuals or entities with the capability to perform those activities in compliance with her fiduciary obligations under ERISA.

11.     Concerning any activities which the Independent Fiduciary performs, the Independent Fiduciary shall continue to be free to consult with the Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers.

12.     The Independent Fiduciary shall continue to cooperate fully with the Secretary in the exercise of the Secretary's enforcement responsibilities under ERISA, *inter alia*, by promptly providing such documents, information, and persons under the Independent Fiduciary's control as the Secretary from time to time may request.  Nothing

ORDER - 11

herein shall be construed to limit the rights the Secretary otherwise enjoys of access to documents, information, or persons or to waive or restrict the exercise by the Independent Fiduciary and any individual of his or her constitutional rights.

13.     The payment of administrative expenses and all fees to the Independent Fiduciary and the Independent Fiduciary's assistants, attorneys, accountants, actuaries and other necessary service providers are to be continued to be considered priority administrative expenses of RSPT's and the Plans' and its related entities, superior to any other class of expense or obligation of RSPT's and the Plans' or its related entities and the Independent Fiduciary's second priority is to be the payment of legitimate claims.

14.     The terms of the documents governing RSPT and the Plans are hereby amended to include the terms of this Order.  This Order shall supersede any and all other provisions in any documents governing RSPT and the Plans that are inconsistent with the terms of this Order including, but not limited to, any plan documents, trust agreements and/or shareholder agreements.

15.     RSPT's and the Plans' participants and beneficiaries of deceased participants shall retain the right to access information about their accounts by telephone and/or internet, and to direct the investment of their accounts, all in accordance with such of RSPT's and the Plans' rules and procedures as may be duly established or modified from time to time by the Independent Fiduciary.

16.     The reasonable expenses incurred in the administration of RSPT and the Plans, including but not limited to the reasonable compensation of attorneys, accountants,

consultants or others retained in connection with the administration of RSPT and the Plans and their termination, shall, in such manner as the Independent Fiduciary deems appropriate, continue to be charged to and paid by RSPT and the Plans and allocated among participants.

17. RSPT and the Plans are authorized and directed to continue to pay the reasonable compensation, fees, and expenses of Ms. Bryant and such person and firms retained by the Independent Fiduciary in the performance of services to or for RSPT and the Plans, subject to the following procedures:

    a. Before causing RSPT and the Plans to pay compensation, fees or expenses to the Independent Fiduciary or any person or firms retained by the Independent Fiduciary, the Independent Fiduciary shall provide written notice of such compensation, fees or expenses, by filing a fee notice with this Court and by serving a copy to the Secretary;

    b. The fee notice shall include a detailed invoice itemizing the compensation, fees and expense to be paid by RSPT and the Plans;

    c. If within fifteen (15) days after filing of a fee notice, no objection to the fee notice or payment by RSPT and the Plans of the compensation, fees, or expenses described therein is filed with this Court, such compensation, fees, and expenses shall be deemed reasonable expenses of the RSPT's and the Plans' and shall be paid by the RSPT and the Plans without further action or approval of this Court;

ORDER - 13

   d. If an objection to a fee notice or payment by RSPT and the Plans of the compensation, fees, or expenses described therein is filed with this Court, within fifteen (15) days after filing of such fee notice, the Court shall hold a hearing on the matter and the compensation, fees, expenses described in the fee notice shall be paid by RSPT and the Plans only to the extent approved by the Court; and

   e. This paragraph shall not apply to fees and expenses of the funds custodian or the third party administrator generated in the course of its performance under its pre-petition service agreements.

18. Nothing in this and Order shall be construed:

   a. To limit the powers and responsibilities of any officer or employee of the United States under ERISA or any other law, or

   b. To relieve RSPT or the Plans, or any of their administrators, fiduciaries, officers, trustees, custodians, attorneys, agents, employees, advisers, providers of goods or services, consultants, representatives in any capacity, or persons who serve in any capacity that involves decision making authority or custody or control of the moneys, funds or assets of RSPT's or the Plans' of any duty, responsibility, or liability under ERISA or any other law.

19. This Order is a resolution as to Defendant Hutcheson on all claims.

ORDER - 14

20.     This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing this Order.

DATED: December 15, 2016

Edward J. Lodge
United States District Judge

ORDER - 15